**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **CHRISTOPHER WATSON,** individually and on behalf of all others similarly situated<br><br>**Plaintiff,**<br>v.<br><br>**THE J. DIAMOND GROUP, INC.,** and **WILFRED D BLOOD,** individually<br><br>**Defendants.** | **Civil Action No. 4:19-cv-646**<br><br>**Jury Demanded** |

## PLAINTIFF'S ORIGINAL COMPLAINT

The above-named individual Plaintiff hereby files this Complaint on behalf of himself and other similarly-situated Plaintiffs and states:

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and "limits to 40 a week the number of hours that an employer may employ any of her employees subject to the Act, unless the employee receives compensation for her employment in excess of 40 hours at a rate not less that one and one-half times the regular rate at which he is employed." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (discussing the FLSA's minimum wage and maximum hour protections generally); *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendants failed to pay Plaintiff in accordance with the Fair Labor Standards Act. Specifically, Plaintiff was not paid time-and-one-half of his regular rate of pay for all hours

worked in excess of 40 hours per workweek. Rather, Defendants misclassified Plaintiff as exempt from the requirements of the FLSA and paid him primarily on a salaried basis and without regard to the number of hours Plaintiff actually worked.

3. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

4. Plaintiff Christopher Watson is an individual who was employed by Defendants within the meaning of the FLSA within the three-year period preceding the filing of this Complaint. He hereby consents to be a party in this action through the consent form attached as "Exhibit A."

5. The Plaintiff and Class Members are Defendants' current and former "Field Supervisors" or "Sergeants" (or individuals who performed similar duties but were employed under distinct titles) and were paid primarily on salaried basis and/or not compensated for all hours worked, including overtime hours.

6. Defendant The J. Diamond Group, Inc. ("Defendant TDG") conducts business in this District and throughout the United States and can be served with process by and through its registered agent SecTek, Inc. at 6410 Southwest Boulevard #128, Fort Worth, TX 76109.

7. Defendant Wilfred D. Blood ("Defendant Blood") is an individual and may be served with process at 1930 Isaac Newton Square, Suite 100 Reston, Virginia 20190, or wherever he may be found.

## III. JURISDICTION AND VENUE

8. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

9. Venue is proper in this District because the events forming the basis of the suit occurred in this District and one or more of the Parties resides in this District.

## IV. COVERAGE

10. At all material times, Defendants acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

11. At all times hereinafter mentioned, Defendants have been an employer or joint employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all times hereinafter mentioned, Defendant TDG has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

## V. FACTUAL ALLEGATIONS

14. Defendant TDG does more than $500,000.00 per year in business.

15. Defendant Blood is president and director of Defendant TDG and as such is responsible for implementing and enforcing the unlawful pay practice at issue.

16. Plaintiff Watson was employed by Defendants from approximately December 1, 2015 to December 30, 2018.

17. While employed in this capacity, Plaintiff was employed as a "Field Supervisor" or "Sergeant" for Defendant TDG at a Fort Worth central location that supplies guards to other "post locations" in North Texas.

18. In this capacity, Plaintiff's primary responsibilities were overseeing Defendants' scheduling for other employees by finding guards to fill empty posts, driving to various posts and verifying that guards had their "certification cards" on their person, and filling in as a guard if he were unable to find a guard to fill a post. Plaintiff did not possess the actual authority to hire, fire, or discipline employees. Plaintiff maintains that the Director of Operations, Paul Combs, is responsible for such "executive" functions.

19. Plaintiff was also responsible for other routine and nondiscretionary duties associated with providing Defendants' services to Defendants' clients, such as the Federal Government. Plaintiff was not employed in a recognized "administrative" capacity as he did not exercise independent judgment and discretion in performing these job duties but was subject to the guidelines, command, and control of the Director of Operations (or individuals who performed similar supervisory duties over Plaintiff and the Class Members under distinct titles).

20. Plaintiff was neither required to possess a professional degree nor to have obtained a particular educational level in order to be employed by Defendants in this capacity. Consequently, Plaintiff was not employed in a "professional" capacity as recognized by the FLSA.

21. During the weeks covered by this lawsuit, Plaintiff regularly worked in excess of 40 hours per week. Plaintiff was classified as a salaried worker and Defendants did not maintain his weekly time records for each of the weeks he was employed by Defendants, further failing to comply with Defendants' FLSA obligations and depriving Plaintiff of access to accurate record

of his weekly hours. Plaintiff recalls that he had to submit a daily report, "801 Report", and his pay was based off the time he provided in the report. However, any hours after 40 listed by the Plaintiff was not granted by Defendant. Plaintiff was also forced to be "on-call" 24/7, even while on vacation which was approved by the Defendants. Plaintiff was required to install an application on his mobile phone which always tracked his location via GPS.

22. Defendants did not pay Plaintiff time-and-one-half the regular rate of pay for all of his hours worked over 40 hours per week. Instead, Plaintiff was classified as a salaried, "exempt" employee. However, Plaintiff was not employed as an "exempt" administrator, executive, or professional and should have been entitled to the benefits the FLSA affords to non-exempt employees.

23. Defendants have knowledge of the FLSA and its requirements and regularly received complaints, including from Class Members, regarding their workers' excessive hours and lack of overtime pay but Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of misclassifying Plaintiff and failing to pay overtime compensation to Plaintiff.

## VI. COLLECTIVE ACTION ALLEGATIONS

24. During the period from three years prior to the filing of this suit until the filing of this suit, Defendants employed other individuals in a similar capacity as Plaintiff in that it paid these other Field Supervisors or Sergeants (or individuals who performed similar duties under distinct titles) without regard to the number of compensable hours actually performed by paying them on a salary basis. The Class Members regularly worked more than 40 hours in a workweek but did not receive overtime pay. Accordingly, the Class Members victimized by Defendants' unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

25. Defendants' failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experience is typical of the experience of the Class Members. Although Defendants require them to perform similar duties, the precise job requirements of the various Class Members do not prevent collective treatment. All Class Members, regardless of their precise job title, job duties, or rates of pay, are entitled to overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

26. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members as set forth in ¶ V.

## VII. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

27. During the relevant period, Defendants violated and are violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiff in accordance with the law.

## VIII. RELIEF SOUGHT

28. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit); and

b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees; and

d. For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**FORESTER HAYNIE PLLC**

/s/ *Jay Forester*
**J. Forester**
Texas Bar No. 24087532*
**D. Matthew Haynie**
Texas Bar No. 24087692*
1701 N. Market Street, Suite 210
Dallas, Texas 75202
(214) 210-2100 phone
(214) 346-5909 fax
*Previously admitted in this District

## CERTIFICATE OF SERVICE

The foregoing will be served on all Defendants via the Court's e-filing system.

/s/ *J. Forester*
**J. FORESTER**